IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL LOPEZ,                           )
                                        )
                Plaintiff,              )
                                        )
    v.                                  )      No.  09 C 4539
                                        )
CITY OF CHICAGO, et al.,                )
                                        )
                Defendants.             )

MEMORANDUM ORDER

City of Chicago ("City") has filed its Answer to the

Complaint brought by Daniel Lopez ("Lopez") against City and one

of its police officers.  This memorandum order is issued sua

sponte because of some problematic aspects of that responsive

pleading.

Federal pleading is not a guessing game.  Fed. R. Civ. P.

("Rule") 8(b)(1) spells out the rules that every responsive

pleader must follow in addressing its adversary's allegations.

That being true, there is no warrant for a defendant such as

City to set out particularized responses to a plaintiff's

allegations and then to conclude by invoking a Rule 8(b)(5)

disclaimer as to "any remaining allegations" by the plaintiff

(see, e.g., Answer Count I ¶¶1 and 2 and Count III ¶18) or by

"den[ying] any remaining allegations contained in paragraph --

inconsistent with the foregoing" (see Answer Count I ¶¶3, 4, 11

and 12).  Just how is the reader--Lopez's counsel or this Court--

supposed to divine what City's counsel may view as coming within

those hedged exceptions?

Accordingly those offending paragraphs of the Answer are stricken, but with leave of course granted to file proper curative responses on or before November 13, 2009. No charge is to be made to City by its outside counsel for the added work and expense incurred in correcting counsel's errors. City's counsel are ordered to apprise their client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).[1]

_____
Milton I. Shadur
Senior United States District Judge

Date:  October 29, 2009

---

[1]  This memorandum order has deliberately eschewed any questions as to the affirmative defenses ("ADs") advanced by City--on that subject, see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). If Lopez's counsel finds fault with any of those ADs, that subject should be brought on by motion in the regular course.